UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C4 CV 1 0 5 2 3 N6S

4 •0

PARROT DIGIGRAPHIC LTD.,
    Plaintiff,

v.

TARA MATERIALS INC. and *MAGISTRATE JUDGE* Alexander
ROYAL & SUNALLIANCE SERVICES, INC.,
    Defendants.

Civil Action No.

RECEIPT # ___54592___
AMOUNT $ 150
SUMMONS ISSUED Yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. E.O.W
DATE 3/16/04

## COMPLAINT AND JURY DEMAND

The plaintiff Parrot Digigraphic LTD. complains of defendants Tara Materials Inc.

and Royal SunAlliance as follows:

### The Parties

1.    The plaintiff Parrot Digigraphic LTD. ("Plaintiff") is a Delaware corporation
with a principal place of business at 630 Boston Road, Billerica, Middlesex County,
Massachusetts 01821.

2.    Upon information and belief, the defendant Tara Materials Inc. ("Defendant
Manufacturer") is a Georgia corporation with a principal place of business at 111 Fredrix
Alley, Lawrenceville, Gwinnett County, Georgia 30046-0646 that transacts business in the
Commonwealth of Massachusetts.

3.    Upon information and belief, the defendant Royal & SunAlliance Services,
Inc. ("Defendant Insurer") is a North Carolina corporation headquartered at 9300
Arrowpoint Boulevard, Mecklenburg County, Charlotte, North Carolina 28273-8135, with a
principal place of business at 9800 South Meridian Boulevard, Englewood, Arapahoe

County, Colorado 80155-6521 that transacts business in the Commonwealth of Massachusetts.

## Jurisdiction and Venue

4.    Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §§ 1331 and 1367.

5.    Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 as the claims arose in this judicial district and the plaintiff and at least one defendant reside in this judicial district.

6.    This Court has direct and personal jurisdiction over each defendant as they transact extensive business in the Commonwealth.

## Factual Background

7.    Plaintiff is a digital imaging company which is in the business, among other things, of selling ink jet canvases for fine printmaking applications.

8.    Defendant Manufacturer is a fine art canvas supply company which is in the business, among other things, of selling ink jet canvas on which limited edition prints can be printed.

9.    Plaintiff sold "Parrot Premium Matte Canvas, P/N 700-012-1" ("Plaintiff's Canvas") to numerous clients for their use in printing limited edition Giclée prints to those ink jet canvas including, without limitation, Kolibri Art Studios ("Kolibri").

10.    Plaintiff never received any complaints from its numerous clients concerning Plaintiff's Canvas Prior to offering ink jet canvas provide by Tara Materials, Inc.

11.    Plaintiff never received any complaints from Kolibri concerning Plaintiff's Canvas.

2

12.    In 2002 and 2003, Defendant Manufacturer advertised its 901 series canvas as canvas onto which ink jet prints could be printed with better print quality.

13.    In 2002 and 2003, Plaintiff, relying on the representations of Defendant Manufacturer, entered into several sales contracts with Defendant Manufacturer whereby Plaintiff purchased 901 series canvases from Defendant Manufacturer ("901 Canvas").

14.    In 2002 and 2003, Plaintiff sold blank 901 Canvas to numerous of its clients including, without limitation, Kolibri.

15.    Subsequently, Plaintiff learned from Kolibri, as well as other of Plaintiff's clients, that although the visual quality of the prints printed on Defendant Manufacturer's 901 Canvas were initially very good, they would soon, sometimes within less than a few weeks, exhibit a strong magenta or yellow cast with inks designed for IRIS Ink Jet Printers.

16.    As a result of the color shifting described above, Defendant Manufacturer's 901 Canvas were unusable as canvas for limited edition fine art application.

17.    On or about October of 2002, Plaintiff first advised Defendant Manufacturer of the problems Plaintiff's clients were reporting concerning Defendant Manufacturer's 901 Canvases.

18.    Defendant Manufacturer asked for the names of Plaintiff's complaining clients.  Plaintiff advised Defendant Manufacturer that it was not authorized to make contact with any of Plaintiff's clients without Plaintiff's prior approval and that a representative of Plaintiff would need to be a party to any such director contact of Defendant Manufacturer with a client of Plaintiff.  Plaintiff then disclosed names of its complaining clients including the name of Kolibri.

3

19.    On or about December 4, 2003, Defendant Manufacturer, without Plaintiff's prior knowledge or agreement, visited Kolibri accompanied by a representative of Legion Paper, one of Plaintiff's competing distributors of Defendant Manufacturer's 901 Canvas ("Plaintiff's Competitor").

20.    At that December 4, 2003 meeting, Kolibri informed Defendant Manufacturer that it experienced the same problems with Defendant Manufacturer's 901 Canvas it obtained from Plaintiff's Competitor. Defendant Manufacturer advised Kolibri that it was Kolibri's application of the product that resulted in the product's failure.

21.    At that December 4, 2003 meeting, Kolibri informed Defendant Manufacturer that Kolibri was one of the most respected and knowledgeable printmakers in the world having produced over 40,000 Giclée prints and that Kolibri had only experienced problems with its production of Giclée prints on Defendant Manufacturer's 901 Canvas.

22.    Upon information and belief, Defendant Insurer insures Defendant Manufacturer, providing Defendant Manufacturer with product liability insurance.

23.    On or before February 17, 2003, Plaintiff first notified Defendant Insurer of its claim for business losses and damages as a result of the product failure of Defendant Manufacturer's 901 Canvas to Defendant Insurer.

24.    On or about February 24, 2003, Plaintiff provided Defendant Insurer with an itemized list of business losses it had sustained as a result of the product failure of Defendant Manufacturer's 901 Canvas.

25.    On or about June 16, 2003, Michael Berger, Ph.D. of Imaging Solutions ("Dr. Berger") reported that tests he ran on Defendant Manufacturer's 901 Canvas indicated that

4

Defendant Manufacturer's 901 Canvas do not perform adequately for the application for which they were advertised to fulfill.

26.    On or about June 16, 2003, Dr. Berger further reported that Defendant Manufacturer's 901 Canvas performance in its intended application was significantly inferior to existing competitive canvas products.

27.    On or about August 1, 2003, Plaintiff provided Defendant Insurer with copies of Dr. Berger's June 16, 2003 Report as well as documents evidencing Plaintiff's business losses as a result of the product failure of Defendant Manufacturer's 901 Canvas.

28.    Defendant Manufacturer has failed and refused to replace Defendant Manufacturer's 901 Canvas purchased by the Plaintiff under the sales contracts with a usable product.

29.    Defendant Manufacturer has failed and refused to return Plaintiff's payment under the sales contract for the unusable Defendant Manufacturer's 901 Canvas.

30.    Defendant Manufacturer failed and refused to reimburse Plaintiff its cost in replacing the unusable Defendant Manufacturer's 901 Canvas.

31.    Defendant Insurer has failed and refused to reimburse Plaintiff its cost in replacing the unusable Defendant Manufacturer's 901 Canvas.

## Count I
### v. defendant Tara Materials, Inc.
(Breach of Contract)

32.    Plaintiff repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1-31 inclusive of this Complaint as if fully set forth herein.

33.    Defendant Manufacturer breached its sales contract with Plaintiff by failing to provide canvas that conformed to the contract in that they could be used to print fine art limited edition images.

34.    Defendant Manufacturer's breach of contract caused Plaintiff to suffer substantial damages.

## Count II
### v. defendant Tara Materials, Inc.
(Breach of Implied Covenant of Good Faith and Fair Dealing)

35.    Plaintiff repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1-34 inclusive of this Complaint as if fully set forth herein.

36.    Implied in every contract is a covenant of good faith and fair dealing. This covenant imposes on the parties to the agreement the mutual obligation to take all steps reasonably necessary to effectuate the objectives of the agreement and to refrain from acting in any manner which damages or destroys the objectives of the agreement.

37.    Defendant Manufacturer had a duty to refrain from taking any action that would diminish or destroy the value of the contract with Plaintiff, or otherwise fail to fulfill its obligations and take all reasonable steps necessary to do so.

38.    By Defendant Manufacturer's actions, as described more fully above, Defendant Manufacturer destroyed the benefits of the bargain to which Plaintiff was entitled causing Plaintiff to suffer substantial harm and damage.

## Count III
### v. defendant Tara Materials, Inc.
(Breach of Implied Warranty of Merchantability)

39.    Plaintiff repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1-38 inclusive of this Complaint as if fully set forth herein.

40.    Implied in every contract is a warrant of merchantability which warrants that the goods sold are fit for the ordinary purposes for which such goods are used, which include both those uses which the manufacturer intended and those uses and misuses which are reasonable foreseeable.

41.    By Defendant Manufacturer's actions, as described more fully above, Defendant Manufacturer breached the implied warranty of merchantability causing Plaintiff to suffer substantial harm and damage.

### Count IV
### v. defendant Tara Materials, Inc.
(Unjust Enrichment)

42.    Plaintiff repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1-41 inclusive of this Complaint as if fully set forth herein.

43.    By Defendant Manufacturer's failure to return any portion of the monies Plaintiff paid Defendant Manufacturer under the sales contracts for its unusable goods and its failure to replace the unusable goods, as described in more detail above, Defendant Manufacturer has been unjustly enriched in an amount to be proven at trial.

### Count V
### v. defendant Tara Materials, Inc.
(Interference with Advantageous Business Relations)

44.    Plaintiff repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1-43 inclusive of this Complaint as if fully set forth herein.

45.    As described in more detail above, Defendant Manufacturer's actions tortiously interfered with Plaintiff's sales contracts with its clients causing injury to Plaintiff's business relations with those clients.

### Count VI
### v. defendant Royal & Sunalliance Services, Inc.
(Mass. Gen. L. ch. 176D)

46.      Plaintiff repeats, realleges and incorporates by reference the allegations set

forth in paragraphs 1-45 inclusive of this Complaint as if fully set forth herein.

47.      Defendant Insurer committed an unfair insurance practice in violation of

Mass. Gen. L. ch. 176D for, among other reasons, failing to effectuate prompt, fair and

equitable settlements of Plaintiff's claims against Defendant Manufacturer, as described in

more detail above.

48.      As a result of Defendant Insurer's violations of Mass. Gen. L. ch. 176D,

Plaintiff suffered substantial damages including, without limitation, business losses and

attorneys fees and litigation costs.

### Count VII
### v. defendant Tara Materials, Inc. and
### Royal & Sunalliance Services, Inc.
(Mass. Gen. L. ch. 93A)

49.      Plaintiff repeats, realleges and incorporates by reference the allegations set

forth in paragraphs 1-48 inclusive of this Complaint as if fully set forth herein.

50.      The actions and inactions of Defendant Manufacturer and Defendant Insurer,

as described more fully above, constitute knowing and willful unfair and deceptive acts or

practices in violation of M.G.L. c. 93A.

51.      As a result of the actions and inactions of Defendant Manufacturer and

Defendant Insurer, Plaintiff suffered substantial injury.

### PRAYERS FOR RELIEF

**WHEREFORE**, plaintiff Parrot Digigraphic LTD., prays that this Honorable Court:

a.      Enter a judgment in its favor on all Counts of this Complaint;

8

b.  Award plaintiff Parrot Digigraphic LTD., all damages it proves at trial to have suffered as a result of the conduct of Defendant Manufacturer Tara Materials, Inc.;

c.  Find that defendant Manufacturer Tara Materials, Inc. knowingly and willfully violated Massachusetts General Laws Chapter 93A and, therefore, treble such damages and award reasonable attorneys' fees;

d.  Find that defendant Royal & Sunalliance Services, Inc. knowingly and willfully violated Massachusetts General Laws Chapters 93A and 176D and, therefore, treble such damages and award reasonable attorneys' fees; and

e.  Award plaintiff Parrot Digigraphic LTD., such other and further relief that justice so requires.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,
PARROT DIGIGRAPHIC LTD.
By its attorneys,

Harold Jacobi III (BBO # 248980)
Nancy Sue Keller (BBO # 644515)
JACOBI & ASSOCIATES
Four Militia Drive, Suite 14
Lexington, Massachusetts  02421
Tel:  781.274.0405

Dated:  March 12, 2004