UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PARROT DIGIGRAPHIC, LTD.,
    Plaintiff

v.                                       Civil Action No. 0410523 NG

TARA MATERIALS, INC. AND
ROYAL & SUNALLIANCE SERVICES, INC.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER OF DEFENDANT, TARA MATERIALS, INC. TO PLAINTIFF'S COMPLAINT

Now comes the defendant, Tara Materials, Inc. and answers the Complaint paragraph by paragraph as follows:

1. The defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon plaintiff to prove the same.

2. Admitted.

3. The defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon plaintiff to prove the same.

4.-6. Insofar as these paragraphs set forth conclusions of law, the answering defendant makes no response herein.

7. The defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon plaintiff to prove the same.

8. The defendant admits it is a producer and distributor of artist materials which is in the business, among other things, of selling inkjet canvas.

9. The defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon plaintiff to prove the same.

10. The defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon plaintiff to prove the same.

11. The defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon plaintiff to prove the same.

12. Denied.

13. The defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon plaintiff to prove the same.

14. The defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon plaintiff to prove the same.

15. The defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon plaintiff to prove the same.

16. Denied.

17. The defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon plaintiff to prove the same.

18. The defendant denies it asked for the names of plaintiffs complaining clients. The plaintiff sent correspondence to the defendant with respect to complaining clients. As to the balance of the allegations concerning actions of the plaintiff, the defendant calls upon the plaintiff to prove the same.

19. The defendant admits it visited Kolibri Company by representative of Legion Paper. The defendant denies it needed plaintiff's knowledge or agreement to do so.

20. The defendant denies that Kolibri informed it that it (Kolibri) was experiencing the same problems with defendants' 901 Canvas it obtained from plaintiff's competitor. The defendant admits the balance of the allegations.

21. The defendant admits that Kolibri informed that it has only experienced problems with its production of GICLEE prints on defendant's 901 Canvas.

22. Insofar as there are no allegations contained within this paragraph against the responding defendant, there is no answer offered herein.

2

23. The defendant calls upon the plaintiff to prove the allegations of this paragraph.

24. The defendant calls upon the plaintiff to prove the allegations of this paragraph.

25. The defendant calls upon the plaintiff to prove the allegations of this paragraph.

26. The defendant calls upon the plaintiff to prove the allegations of this paragraph.

27. The defendant calls upon the plaintiff to prove the allegations of this paragraph.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## Count I

32. The defendant repeats and realleges its answers to paragraphs 1-31 above as if fully set forth herein.

33. Denied.

34. Denied.

## Count II

35. The defendant repeats and realleges its answers to paragraphs 1-34 above as if fully set forth herein.

36. Insofar as this paragraph purports to set forth a statement of law, there is no response offered herein.

37. Insofar as this paragraph purports to set forth a statement of law, there is no response offered herein.

38. Denied.

## Count III

39. The defendant repeats and realleges its answers to paragraphs 1-38 above as if fully set forth herein.

40. Insofar as this paragraph purports to set forth a statement of law, there is no response offered herein.

41. Denied.

### Count IV

42. The defendant repeats and realleges its answers to paragraphs 1-41 above as if fully set forth herein.

43. Denied.

### Count V

44. The defendant repeats and realleges its answers to paragraphs 1-43 above as if fully set forth herein.

45. Denied.

### Counts VI and VII

46.-51. Insofar as these paragraphs are not directed towards the responding defendant, there is no answer offered herein.

WHEREFORE, the defendant demands that the complaint be dismissed and that the defendants be awarded their costs.

### **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The process in this action is insufficient.

### **SECOND AFFIRMATIVE DEFENSE**

The service of process in this action is insufficient.

### **THIRD AFFIRMATIVE DEFENSE**

The Plaintiff is barred from recovery by virtue of his own negligence.

### **FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff's recovery, if any, must be reduced by the extent of his own negligence, in accordance with General Laws Chapter 231, Section 85.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery under the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's damages, if any, were caused by a person or persons for whom this Defendant is not legally responsible.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff assumed the risk of any injury or damage.

## NINTH AFFIRMATIVE DEFENSE

The warranties alleged were never extended to the Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to provide timely notice of any alleged breach of warranty.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claimed breaches of express or implied warranty are barred for failure to give the Defendant timely notice of any alleged breach in accordance with M.G.L. Ch. 106, §2-607 (3)(A) and the Defendant has been prejudiced.

## TWELFTH AFFIRMATIVE DEFENSE

The alleged breach of implied warranties is barred by G.L. c. 106, §2-316(c).

## THIRTEENTH AFFIRMATIVE DEFENSE

Any warranties were expressly disclaimed.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any alleged warranties were limited or modified by the Defendant and Plaintiff cannot recover thereon.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff misused the product referred to in the Complaint and is therefore barred from recovery.

## SIXTEENTH AFFIRMATIVE DEFENSE

The product was substantially altered or modified after it left the possession of the Defendant such that the Defendant may not be held liable therefor.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The product conformed to the state of the art in the industry at the time of its design, manufacture and sale by the Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The product was altered or modified after its design, manufacture and sale by Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff knew of the potential dangers inherent in the use of the product and needed no warning as to these dangers.

## TWENTIETH AFFIRMATIVE DEFENSE

The product was of the kind and quality which would pass without objection in the trade or industry involved.

### AS DISCOVERY IS ONGOING, THE DEFENDANT RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES.

### JURY DEMAND

The defendant demands a trial by jury on all triable issues.

Respectfully submitted,
Defendant, Tara Materials, Inc.
By its attorney,

_____
Lawrence J. Kenney, Esq. BBO# 268620
Michael P. Guagenty, Esq. BBO# 567176
Sloane And Walsh, LLP
Three Center Plaza
Boston, MA  02108
617-523-6010

:
Dated:

S:\PAROT DIGIAGRAPHIC LTD. V. TARA MATERIALS, ET AL, RG 077  .\PLEADINGS\ANSWER.doc

## CERTIFICATE OF SERVICE

I, Michael P. Guagenty, Esq., counsel for defendant, Tara Materials, Inc. hereby certify that on May 14, 2004 I served copies of the foregoing documents upon all parties to this action via first class mail, postage prepaid, direct to:

Nancy Sue Keller, Esq.
Jacobi & Associates
Four Militia Drive, Suite 14
Lexington, MA 02421

_____
Michael P. Guagenty